# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

U.S. DISTRICT COURT
AUGUSTA DIV.

2023 FEB 28  A  9 47

CLERK

SO. DIST. GA.

| | |
|---|---|
| ALTON SHARAN SAPP, | ) |
| | ) |
| Plaintiff, pro se, | ) |
| | ) Case No._____ |
| vs. | ) |
| | ) |
| BURKE COUNTY DETENTION | ) |
| CENTER, BURKE COUNTY SHERIFFS | ) |
| OFFICE, COUNTY OF BURKE, | ) |
| SHERIFF ALFONZO | ) |
| WILLIAMS, CAPTAIN HAYNES, | ) |
| DEPUTY ZAKIA LUKE, and | ) |
| DEPUTY "JANE DOE" | ) |
| (*pseudonym for unidentified deputy*) | ) |
| | ) |
| Defendants. | ) |
| | ) |

CV123-0019

## PRO SE COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (NON-PRISONER)

NOW COMES the Plaintiff, by and through his own representation (a PRO SE

LITIGANT), and complains of the Defendants Burke County Detention Center, Burke

County Sheriff's Office, County of Burke, Sheriff Alfonzo Williams, Captain Haynes,

Deputy Zakia Luke, and Deputy "Jane Doe" (*pseudonym for unidentified deputy)* states as

follows:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

**JURISDICTION, VENUE, AND PARTIES**

1.  This incident occurred between the dates of November 8, 2022 and February 10, 2023, in

    the County of Burke, Georgia

    a.  Specifically, at the location: 159 Neely Circle Waynesboro, Georgia 30830

    b.  Concluding at the Burke County Detention Center at 224 Hwy 24 South,

        Waynesboro Georgia 30830.

2.  The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

    1983, 42 U.S.C. § 1988, the Judicial code 28 U.S.C.§ 1331 and 28 U.S.C. 1343 (a); the

    Constitution of the United States, and pendent jurisdiction as provided under U.S.C. §

    1367 (a).

3.  Pertaining to this occurrence, the Plaintiff was a resident of Burke County, Georgia.

4.  At the time of the occurrence, Defendant County of Burke was a municipal corporation,

    and the principal employer of the Defendants Sheriff Alfonzo Williams, Captain Haynes,

    and Deputy Zakia Luke, staff of at the Burke County Detention Center, and "Jane Doe"

    Deputy whom was also at the scene where the incident took place (159 Neely Circle)

    whom also formally arrested the Plaintiff for the outstanding bench warrant.

5.  At the time of the occurrence, Defendant Burke County Sheriff's Office (officially the

    entity) was a department of the municipal corporation and employer of the same

    defendants as mentioned above.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

6.  As it pertains to this complaint, the Burke County Detention Center is collectively referring to "the staff" at the detention center who, under color of law and in the scope of their employment with the Burke County Sheriff's Office; are also to be accused.

7.  Defendants Sheriff Alfonzo Williams and Captain Haynes were supervisors of the Deputy ("Jane Doe") who performed the arrest under color of law; and as well oversaw the activities of the Burke County Detention Center where the Plaintiff was held against his will. These Defendants also were the specific Supervisors whom the Plaintiff contacted while imprisoned to get assistance getting released from imprisonment.

8.  The Deputy, Deputy Zakia Luke was one of the Deputies who responded to the incident at 159 Neely Circle whom chose not intervene when she had the opportunity to do so. She witnessed the arrest leading to the Plaintiffs imprisonment. As well would be aware of the name of the other deputy, Deputy "Jane Doe" whom committed the action subject to this complaint

9.  Deputy "Jane Doe" cannot be identified at this time, but denotes the Deputy whom official performed the arrest at the location 159 Neely Circle for the outstanding bench warrant. Deputy acted under color of law and in the scope of their employment with the Burke County Sheriff's Office by performing the arrest; even though given just cause as to why arrest should have been averted.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

10. All defendants, during the time of the occurrence, acted in the course and scope of their employment with both the County of Burke, the Burke County Sheriff's Office, and the Burke County Detention Center.

11. The Burke County Sheriff's Office, Burke County Detention Center, and The County of Burke are hereby held liable as Defendants due to them being the employer of the officers, and the collective staff that, under color of law, chose not to act. (Respondeat Superior theory of law)

### STATEMENT OF FACTS

1. On November 8, 2022, the Plaintiff was located at 159 Neely Circle, Waynesboro, Georgia.

2. There, Deputy "Jane Doe" stopped, seized, and searched and arrested the Plaintiff for a Bench Warrant issued by the Superior Court of the same county. Despite the fact that the Deputy was told by the Plaintiff that the Bench Warrant and Case it was connected to had been questioned in Federal Court also as a 42 U.S.C 1983 claim, and that I had won; the Deputy still chose to arrest the Plaintiff, and proceeded to escort me to Burke County Detention Center where they proceeded to Imprisonment me for said Bench Warrant. The Deputy questioned the Plaintiff, and was given probable cause to believe that the Bench Warrant (cause of the arrest and imprisonment) was "stale".

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

3. While imprisoned, the Plaintiff made repeated attempts (between the dates of November 8, 2022 and February 9, 2023) using the kiosk messaging system located in the jail block to get some help remedying the issue. On multiple occasions, the Plaintiff posted grievances with the Burke County Detention Center's staff, and more importantly Captain Haynes with request to get assistance from them in regards to the issue involving his detainment. The Plaintiff also sent letters (See Exhibit 1) to the Sheriff Alfonzo Williams asking for an appointment to meet so the matter could be discussed.

4. All defendants were informed and knew of the Plaintiff's request to be released from confinement due to the 42 U.S.C. 1983 claim (in July of 2022 Complaint#1:2022cv00078-JRH-BKE) the Plaintiff filed in reference to the Bench Warrant and Superior Court case which caused the warrant; yet failed to act and intervene by following the matter up to stop the perpetuated crime from being continued against the Plaintiff.

5. During the Arrest and Imprisonment of the Plaintiff, the Burke County Sheriff's Office, the Burke County Detention Center (and its staff- whom acknowledged receipt of the grievances sent through the Messaging Kiosk) and the Deputy failed to intervene to prevent the false arrest and false imprisonment of the Plaintiff, despite having a duty and reasonable opportunity to do so.

6. The Plaintiff was subjected to continuously unwarranted instances of trespass, neglect, and a breach of duty during the arrest, and while imprisoned.

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

7.  During the occurrence, the Defendants failed to intervene to prevent the unreasonable arrest and imprisonment on the Plaintiff, despite having a duty and reasonable opportunity to do so considering the Plaintiff's compliance at all times during the arrest to inform the Deputy; and at all times while imprisoned to inform the Burke County Detention Center staff of the issue.

8.  After the arrest, the Deputy "Jane Doe", and Deputy Zakia Luke caused criminal charges to be filed against the Plaintiff (Case number 202254768). Though they both had opportunity to intervene due to their being reasonable suspicion to not arrest me; they chose not to. As Deputy "Jane Doe" proceeded to arrest me, the second officer on the scene (Deputy Zakia Luke) stood by and failed to intervene to keep the arrest and subsequent imprisonments from happening

9.  As the result of all the aforementioned actions and/or decisions not to act committed by the Defendants, The Plaintiff suffered bodily injuries, psychological damage, economic damages. The breach of duty caused by the Deputy, Burke County Detention Center (collectively its staff), Captain Haynes, Sheriffs Alfonzo Williams caused (to include but not limited to) emotional distress, loss of opportunity, loss of income, pain and suffering due to battling with anxiety and depression; coping with the reality of being trapped in jail with no one trying to assist the Plaintiff solve my legitimate grievances.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

## Count I - 42 U.S.C.§ 1983: Fourth Amendment, Fourteenth Amendment (False Arrest, False Imprisonment), and/or Failure to Intervene to Prevent the False Arrest and Imprisonment

(Plaintiff v. Deputy Zakia Luke, Deputy "Jane Doe", Sheriff Alfonzo Williams, Captain Haynes, Burke County Detention Center)

1. Plaintiff affirms allegations paragraphs 1-9 and incorporates them here as if stated the same as above.

2. The actions of Deputy "Jane Doe" in willfully and intentionally arresting The Plaintiff–after being informed of the concerns with the Bench Warrant and its attached case–shows (at that time) an intent to arrest for what became an unreasonable and unjustifiable cause; due to it being probable at that time (time of arrest) and any time up to the dismissal of the matter in superior court (lifting of the bench warrant and dismissal of the attached Superior Court case), that the Bench Warrant had become "stale" and was unwarranted due to the 42 U.S.C 1983 Federal Court case that effectively argued its unconstitutionality. Due to the aforementioned instance of false arrest, the Defendants did violate the Plaintiffs' rights under the Fourth and Fourteenth Amendment to the United State Constitution to be secure from worry of unreasonable searches and seizures, and thus violating 42 U.S.C. § 1983.

3. As mentioned before, due to the Plaintiff informing the Deputy, Sheriff Alfonzo Williams (by letter), Captain Haynes (via cell block messaging kiosk), and the staff of Burke County Detention Center (via the same messaging system); all defendants knew what was the reason not to arrest as well as why to release from imprisonment. All had

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

reasonable opportunity to investigate the matter, and attempt to de-escalate the issue by

releasing me from confinement. Though the staff acknowledged receipt of the messages

concerning the matter, they still chose not to act. These actions performed against the

Plaintiff violated Plaintiffs' rights under Fourth Amendment to the United States

Constitution, enforceable against the states and their municipalities through the

Fourteenth Amendment, to protect against all instances that cause an abridgement of a

citizen's right to be secure in their person, papers, and effects against unreasonable

searches and seizures, and thus violating 42 U.S.C. § 1983.

4. The Plaintiff was wrongfully arrested and imprisoned against his will for a period of 94

   days (November 8, 2022 to February 10, 2023).

5. The Sheriff for Burke County Sheriff's Office Sheriff Alfonzo Williams was notified via

   letter on December 14, 2022 of the Plaintiff's intent to set an appointment with him, to

   discuss the matter surrounding the arrest and imprisonment more in depth. (See Exhibit

   2). No response was returned in the time in which the Plaintiff was imprisoned.

6. The actions, and inactions of Deputy Zakia Luke, and Deputy "Jane Doe", Sheriff

   Alfonzo Williams, Captain Haynes, and the collective staff at the Burke County

   Detention Center and Burke County Sheriff's Office– in failing to intervene and protect

   the Plaintiff from unreasonable, and unjustifiable seizure, and imprisonment despite the

   duty and opportunity to do so– violated Plaintiffs' rights under the Fourth and Fourteenth

   Amendments to the United States Constitution, and hence violated 42 U.S.C § 1983, as

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

the actions and inactions were the direct and proximate cause of Plaintiff's injuries, described herein.

7.  The proximate result of the aforementioned actions by Deputy "Jane Doe", Burke County Detention Center, Burke County Sheriff's Office, Sheriff Alfonzo Williams, and Captain Haynes; was the Plaintiff suffered loss of freedom, Inconvenience, Loss of enjoyment of life, Loss of opportunity, Pain and Suffering, and emotional damages such as Mental Anguish.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, **Plaintiff DEMANDS compensatory damages** against the Defendants Deputy Zakia Luke, Deputy "Jane Doe", Sheriff Alfonzo Williams, Captain Haynes, Burke County Detention Center, Burke County Sheriff's Office, and County of Burke; and because each acted willful and intentional as they proceeded to oppress the Plaintiff through direct and proximate means– **Plaintiff demand substantial punitive damages, cost, and any other additional relief this Court deems equitable and just.**

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

**COUNT II – State Law Claim of False Imprisonment (respondeat superior)**

(Plaintiff v. Burke County Sheriff's Office, Burke County Detention Center, County of

Burke)

1. Plaintiff again affirms the allegations in paragraphs 1-9 and incorporates them
   herein as if stated verbatim

2. Deputy "Jane Doe" arrested the Plaintiff by placing handcuffs on him, and thus
   restricting his ability to move (freedom of movement), and this was performed
   without legal justification due to the deputy being informed of the cause as to
   why an arrest should not have been performed until further inquiry of the matter
   had been perform by the deputy.

3. While imprisoned, several attempts were made by the Plaintiff, to the Sheriff of
   Burke County Sheriff's Office (Sheriff Alfonzo Williams), Captain Hayne and
   staff at the Burke County Detention Center to inform them of the issues
   surrounding my arrest and imprisonment, and through their acts of choosing not
   to act, my freedom was also restricted without legal justification for a period of
   94 days.

4. The actions and/or inaction committed of Deputy "Jane Doe", Captain Haynes,
   Sheriff Alfonzo Williams were the direct and proximate cause of the injuries
   suffered by the Plaintiff as described more in detail above. They were all acting
   in the course and scope of their employment with the County of Burke, Burke

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

County Sheriff's Office, and Burke County Detention Center; in taking the actions taken, and thus the County of Burke, Burke County Sheriff's Office, and Burke County Detention Center are held liable based on the law of respondeat superior.

**ACCORDINGLY**, **Plaintiff DEMANDS compensatory damages** against Defendant County of Burke, Burke County Sheriff's Office, and Burke County Detention Center; plus, **the costs of this action, plus a formal apology letter, plus any other additional relief this Court deems equitable and just.**

### COUNT III – Indemnification

(Plaintiff v. County of Burke, Burke County Sheriff's Office, Burke County Detention Center)

1. Plaintiff reaffirms paragraphs 1-9 and incorporates them herein as if stated as stated above.

2. The Defendants County of Burke, Burke County Sheriff's Office, and Burke County Detention Center are the indemnifying entities for the actions described in this Complaint; **TO WIT**, the actions of the Defendants Sheriff Alfonzo Williams, Captain Haynes, Deputy "Jane Doe", Deputy Zakia Luke, and Burke County Detention Center ("The staff") which were performed while acting under color of law and in the course and scope of their employment with the Burke County Sheriff's Office, and County of Burke.

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

**WHEREFORE,** should the Defendants Deputy Zakia Luke, Deputy "Jane Doe", Sheriff

Alfonzo Williams, Captain Haynes, Burke County Detention Center ("The staff") be

found liable on one or more of the claims set forth herein, **Plaintiff demand that the**

**Defendant Burke County Sheriff's Office, County of Burke, and Burke County**

**Detention Center be found liable for any judgments, other than punitive damages,**

**Plaintiff obtains thereon.**

**ACCORDINGLY,** The Plaintiff Moves the Court to **AWARD** all the damages sought after

on behalf of each count, and against the Defendants; to include, compensatory damages in

the amount of **$10,000,000,000.00**. If punitive damages are awarded let it be for the full

amount allowed by law (four times compensatory damages), and any other relief due to the

plaintiff that the court deems as equitable and just for the injuries, and damages sustained by

the Defendants.

**PLAINTIFF DOES NOT DEMAND TRIAL BY JURY**

12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

Respectfully Submitted,

s/ Alton Sharan Sapp
Pro Se Litigant

Alton Sharan Sapp
438 Lawson Road
Waynesboro, Georgia, 30830
(404) 695-4395 (m)
sapp.alton719@gmail.com

13

Alton Sharan Sapp
438 Lawson Road
Waynesboro, GA. 30830

BCSU
Complaint

RDC 99

UNITED STATES
POSTAL SERVICE

30903

U.S. POSTAGE PAID
FCM LG ENV
WAYNESBORO, GA
30830
FEB 24, 23
AMOUNT
$1.74
R2308M154099-1

United States District Court
Office of the Clerk
P.O. Box 1130
Augusta, GA. 30903