IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALTON SHARAN SAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-019 |
| | ) | |
| BURKE COUNTY DETENTION CENTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

I.      **FACTUAL BACKGROUND**

A.      **COMPLAINT ALLEGATIONS**

In his complaint, Plaintiff names as Defendants:  (1) Burke County Detention Center, (2) Burke County Sheriff's Office, (3) County of Burke, (4) Sheriff Alfonzo Williams, (5) Captain Haynes, (6) Deputy Zakia Luke, and (7) Deputy Jane Doe (unidentified deputy). (Doc. no. 1, p. 1.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 8, 2022, Plaintiff was unlawfully arrested and detained at 159 Neely Circle in Waynesboro, Georgia.  (Id. at 2.)  Defendant Doe arrested Plaintiff for an outstanding bench warrant issued by the Superior Court of Burke County, and Defendants Williams,

Haynes, and Luke chose not to intervene to stop the arrest when they had the opportunity to do so.  (Id.)

Plaintiff told Defendant Doe the bench warrant was stale since it was connected to a federal court case that "[he] won," but Defendant Doe still arrested Plaintiff.  (Id. at 4.)  While imprisoned at the Burke County Detention Center, Plaintiff made repeated attempts between November 9, 2022, and his release on February 9, 2023, to "gain assistance for the false arrest." (Id.)  All Defendants were informed and knew of Plaintiff's request to be released from confinement due to his "42 U.S.C. 1983 claim (July 2022 Complaint #1:2022CV00078-JRH-BKE)" that Plaintiff filed because of the outstanding bench warrant.  (Id.)  Defendants failed to act, intervene, and prevent the unreasonable arrest and imprisonment of Plaintiff, which has caused him emotional distress, loss of opportunity, loss of income, pain and suffering, depression, anxiety, and problems coping with reality.  (Id. at 6.)

Plaintiff asserts state and federal false arrest and false imprisonment claims against Defendants and requests $10,000,000,000.00 in compensatory damages.  (Id. at 7-10, 12.)

### B.    CONTEXT FROM FEDERAL AND STATE DOCKETS

Plaintiff alleges Defendants falsely arrested and imprisoned him because the bench warrant, issued by the Burke County Superior Court, was rendered "stale" when he prevailed in a federal case filed in this Court, CV 122-078.  Plaintiff did not prevail in that prior federal case.  Instead, the Court dismissed the case without prejudice for failure to prosecute because Plaintiff did not file an adequate motion to proceed IFP.  See Sapp v. Dist. Attorney's Off. for Augusta Jud. Cir., CV 122-078, 2022 WL 5013352, at *2 (S.D. Ga. Sept. 8, 2022), *adopted by* 2022 WL 5013204 (S.D. Ga. Oct. 4, 2022).  Thus, Plaintiff's federal case had unequivocally no effect on Plaintiff's state criminal case.

2

Pleadings available on the Burke County court docket show Plaintiff was arrested on February 5, 2020, in the Superior Court of Burke County, Waynesboro, Georgia, for the felony of Theft by Receiving Property Stolen in Another State and two misdemeanor offenses for Failure to Stop for Stop Sign and Affixing of a Plate to Conceal or Misrepresent Identity. (See Attach. 1.) [1]  Plaintiff was charged with these offenses by an accusation on April 24, 2020. (Id.)  Plaintiff failed to appear on May 17, 2021, for a jury trial calendar and the trial court subsequently issued a bench warrant on May 20, 2021. (Id.)  Plaintiff was not arrested on the bench warrant until November 8, 2022. (Id.)  After his arrest, he was detained at the Burke County Detention Center. (Doc. no. 1, p. 4.)  On January 6, 2023, Plaintiff filed a motion to recall the bench warrant and reinstate his bond. (Attach. 1.)  A bond hearing was held on January 25, 2023. (Id.)  On February 9, 2023, there was a motion and order for *nolle prosequi* of Plaintiff's case, he was released from jail, and his case was closed. (Id.)

## II.    DISCUSSION

### A.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc.,

---

[1]See   Burke   County   Criminal   Case   Docket,   available   at https://burkeclerkofcourt.com/WebCaseManagement/mainpage.aspx (in "case search" under "search by party name," search for "Sapp, Alton Sharan," open 2020R0054) (last visited May 18, 2023); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" <u>Twombly</u>, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. <u>Snow v. DirecTV</u>, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**B.      Plaintiff Fails to State a § 1983 Claim For False Arrest and Imprisonment**

The indisputable facts, as gleaned from the federal and state court dockets, show Defendants arrested Plaintiff pursuant to an active bench warrant issued after Plaintiff failed

to appear in state court.  The prior federal case filed by Plaintiff did not proceed past the initial

pleadings stage and thus did not invalidate the warrant.  Defendant's arrest and imprisonment,

pursuant to the active bench warrant, does not give rise to claims for false arrest and

imprisonment.

Pursuant to O.C.G.A. § 17-7-90(a)(2), a bench warrant may be issued by a judge for

the arrest of a person who has failed to appear in court.  The purpose of a bench warrant is to

secure the presence of the defendant in court.  State v. Stringer, 372 S.E.2d 426, 278 (Ga.

1988).  Every officer is subsequently bound to execute a bench warrant within their

jurisdiction, and every person arrested shall be committed to jail until bail may be tendered by.

O.C.G.A. § 17-7-90(b).  A defendant arrested on a bench warrant may be held in custody until

trial, and time served is credited to any sentence.  See Dennis v. Paxton, 668 S.E.2d 258, 259

(Ga. 2008) (holding defendant's arrest on bench warrant and pretrial incarceration lawful);

Allen v. State, 535 S.E.2d 347, 348 (Ga. Ct. App. 2000) (holding defendant is entitled to credit

for time served in jail after arrest on bench warrant).  Defendants were properly within their

jurisdiction to execute the bench warrant, arrest Plaintiff, and commit him to the Burke County

Detention Center until his hearing on January 23, 2023.  Several days after the hearing the

judge entered an order for *nolle prosequi* [2] and released Plaintiff from custody.

Because Defendants arrested Plaintiff pursuant to a valid and active bench warrant, and

the prior federal case filed by Plaintiff did not invalidate the warrant, Plaintiff has failed to

---

[2] A motion to enter a "nolle prosequi" is a formal action made by the prosecutor based upon its decision not to further prosecute that case and it is the prerogative only of the prosecutor, which may enter it with court approval.  Blanton v. State, 751 S.E.2d 431, 431 (Ga. Ct. App. 2013).  Once a case is "nol prossed" the defendant, if incarcerated, is released from jail and the prosecution of the indictment against him is terminated.  Buice v. State, 528 S.E.2d 788, 789 (Ga. 2000) (explaining a *nolle prosequi* terminates prosecution and the state cannot try a defendant on those charges).

state a claim for false arrest or imprisonment under § 1983.  See, e.g.  Wallace, 549 U.S. at

389; Andrews v. Scott, 729 F. App'x 804, 808 (11th Cir. 2018) ("To state a claim for false

arrest under § 1983, a plaintiff must show that he was arrested without probable cause or a

warrant."); Smith v. Hatcher, 516 F. Supp. 3d 1369, 1374 (S.D. Ga. Jan. 19, 2021) (finding no

false imprisonment or arrest claim when plaintiffs conceded arrest pursuant to bench warrant).

Arrests pursuant to a bench warrant for a defendant's failure to appear in court satisfy the

probable cause requirements of the Fourth Amendment.  United States v. Phillips, 843 F.3d

1176, 1182 (11th Cir. 2016) ("[P]olice, armed with the warrant, had authority to find and seize

[the defendant] anywhere they could find him for his failure to appear in court. . . [and]

Defendant's rights under the Fourth Amendment require no more"); Jones v. Brown, 649 F.

App'x 889, 890 (11th Cir. 2016) (holding false arrest only arises when an arrest occurs without

a warrant or probable cause); Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir.

2010) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a

subsequent constitutional challenge to the arrest.")

### C.   The Court Should Not Exercise Supplemental Jurisdiction Over Any Related State Law Claims

Since Plaintiff has not alleged any viable federal claim, the Court declines to exercise

supplemental jurisdiction over any state law claims.  Pursuant to 28 U.S.C. § 1331, district

courts have original jurisdiction over civil actions "arising under the Constitution, laws, or

treaties of the United States."  Section 1331 provides the Court authority to rule in a § 1983

case.  Federal courts are given the additional power to exercise supplemental jurisdiction over

state law claim that "form part of the same case or controversy under Article III of the United

States Constitution." 28 U.S.C. § 1367(a).  However, § 1367(c)(3) states that "[t]he district

courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if .

6

. . the district court has dismissed all claims over which it has original jurisdiction . . . ." Id. §

1367(c)(3) (emphasis added).

A District Court is well within its discretion to dismiss state law claims once the basis

for original federal court jurisdiction no longer exists. See Nolin v. Isbell, 207 F.3d 1253,

1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no

independent basis for federal jurisdiction"); see also Republic of Panama v. BCCI Holdings

(Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's

federal claims against the . . . defendants, the district court correctly dismissed its remaining

state law claims against these defendants."). The Court is recommending dismissal of all of

Plaintiff's federal claims. Accordingly, any potential state law claims Plaintiff believes he

may have should also be dismissed.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's

case be **DISMISSED** for failure to state a claim upon which relief may be granted and

**CLOSED**. The Court also **REPORTS** and **RECOMMENDS** any potential state law claims be

**DISMISSED WITHOUT PREJUDICE**.

SO REPORTED and RECOMMENDED this 18th day of May, 2023, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7

# ATTACHMENT 1

| 2020R0054 | | SAPP, ALTON SHARAN | | | JESSE C. STONE | | | CL | | 4/24/2020 | |
|---|---|---|---|---|---|---|---|---|---|---|---|

### Charges

| Charge # | Violation code | Offense | Offense Date | Disposed On | Disposition Method | Disposition Stage | Arrest Date | Felony/Misdemeanor |
|---|---|---|---|---|---|---|---|---|
| 1 | 16-8-8 | THEFT BY RECEIVING PROPERTY STOLEN IN ANOTHER STATE | 1/29/2020 | 2/2/2023 | NOLLE PROSEQUI | P | 2/5/2020 | F |
| 2 | 40-6-72(B) | FAILURE TO STOP FOR STOP SIGN (M) | 1/29/2020 | 2/2/2023 | NOLLE PROSEQUI | P | 2/5/2020 | M |
| 3 | 40-2-7 | AFFIXING OF PLATE TO CONCEAL OR MISREPRESENT IDENTITY (M) | 1/29/2020 | 2/2/2023 | NOLLE PROSEQUI | P | 2/5/2020 | M |

### Attorneys

| Name | Represents |
|---|---|
| MACGREGOR , ROBERT | D |
| CROSS , JENNIFER | D |
| WILLIAMS , JARED T | S |

### Proceedings/Events

| Date | Court Date | Type |
|---|---|---|
| 4/24/2020 | | ACCUSATION |
| 7/10/2020 | 07/10/2020 02:00PM | ARR ARRAIGNMENT |
| 7/15/2020 | | STATE'S DEMAND FOR DISCOVERY PURSUANT TO OFFICIAL CODE OF GEORGIA ANNOTATED |
| 7/20/2020 | | WAIVER OF ARRAIGNMENT |
| 7/22/2020 | | NOTICE OF DEFENDANT'S ELECTION TO PROCEED UNDER O.C.G.A. SECTION 17-16-1 AND CONSOLIDATED MOTIONS AND DEMANDS FOR DISCOVERY, STATEMENTS, SCIENTIFIC REPORTS AND OTHER ENUMERATED MOTIONS |
| 8/12/2020 | | STATES DISCOVERY RESPONSES, MOTIONS, NOTICES AND DEMANDS |
| 8/31/2020 | | APPLICATION FOR LEAVE OF COURT |
| 9/17/2020 | 09/17/2020 09:00AM | SCC STATUS CONFERENCE CALENDAR |
| 11/4/2020 | | ENTRY OF APPEARANCE BY SUBSTITUTED COUNSEL AND CONSENT TO SUBSTITUTION OF COUNSEL BY WITHDRAWING COUNSEL |
| 11/16/2020 | | APPLICATION FOR LEAVE OF COURT FOR JENNIFER CROSS |
| 12/17/2020 | | NOTICE OF STATE'S INTENT TO PRESENT EVIDENCE OF PRIOR BAD ACTS(FORMERLY SIMILAR TRANSACTIONS) |
| 12/17/2020 | | STATE'S SUPPLEMENTAL DISCOVERY RESPONSES, NOTICES, AND DEMANDS |
| 1/8/2021 | | APPLICATION FOR LEAVE OF COURT FOR JENNIFER CROSS FOR PERIOD OF MARCH 18-19, 2021 |
| 1/11/2021 | 01/11/2021 09:00AM | JTC JURY TRIAL CALENDAR |
| 2/3/2021 | | APPLICATION FOR LEAVE OF COURT- JENNIFER CROSS |
| 3/1/2021 | | APPLICATION FOR LEAVE OF COURT |
| 4/19/2021 | 04/19/2021 09:00AM | JTC JURY TRIAL CALENDAR |
| 4/29/2021 | 04/29/2021 10:00AM | CCL CALENDAR CALL |
| 5/5/2021 | | APPLICATION FOR LEAVE OF COURT |
| 5/5/2021 | | DEFENDANT'S WITNESS LIST |
| 5/5/2021 | | MOTION TO INTRODUCE 404(B) EVIDENCE |
| 5/17/2021 | | BENCH WARRANT ISSUED |
| 5/17/2021 | 05/17/2021 09:30AM | JTC JURY TRIAL CALENDAR |

| 5/20/2021 | | BENCH WARRANT ISSUED (SERVED 11.08.2022) |
|---|---|---|
| 6/21/2021 | | APPLICATION FOR LEAVE OF COURT |
| 8/5/2021 | 08/05/2021 10:00AM | CCL CALENDAR CALL |
| 8/9/2021 | | APPLICATION FOR LEAVE OF COURT |
| 9/24/2021 | | APPLICATION FOR LEAVE OF COURT |
| 10/29/2021 | | APPLICATION FOR LEAVE OF COURT |
| 2/2/2022 | | APPLICATION FOR LEAVE OF COURT |
| 5/18/2022 | | APPLICATION FOR LEAVE OF COURT |
| 8/5/2022 | | APPLICATION FOR LEAVE OF COURT FOR JENNIFER CROSS PERIOD OF OCTOBER 7-12, 2022 |
| 11/2/2022 | | APPLICATION FOR LEAVE OF COURT |
| 11/14/2022 | | APPLICATION FOR LEAVE OF COURT |
| 12/30/2022 | | LEAVE OF ABSENCE FOR JENNIFER CROSS |
| 1/4/2023 | | LETTER FROM DEFENDANT |
| 1/6/2023 | | LETTER FROM DEFENDANT |
| 1/6/2023 | | MOTION TO RECALL BENCH WARRANT AND REINSTATE BOND |
| 1/6/2023 | | NOTICE OF DEFENDANT'S CONSTITUTIONAL SPEEDY TRIAL DEMAND |
| 1/25/2023 | 01/25/2023 10:00AM | BHD BOND HEARING |
| 1/27/2023 | | ORDER |
| 2/9/2023 | | MOTION AND ORDER FOR NOLLE PROSEQUI |
| 2/20/2023 | 02/20/2023 02:00PM | JTC JURY TRIAL CALENDAR |
| 2/27/2023 | | APPLICATION FOR LEAVE OF COURT |