IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALTON SHARAN SAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-019 |
| | ) | |
| BURKE COUNTY DETENTION CENTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

## I.   PLAINTIFF'S MOTION FOR RECONSIDERATION

Presently before the Court is Plaintiff's motion for reconsideration of the Court's Order

denying Plaintiff's motion for default judgment. (Doc. no. 12.)  For the reasons set forth below,

Plaintiff's motion for reconsideration is **DENIED**. (Id.)

"Reconsideration of a previous order is an extraordinary remedy, to be employed

sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr.

11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-

640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to

reconsider as a knee-jerk reaction to an adverse ruling.").  Because it "is not an appeal, . . . it is

improper on a motion for reconsideration to ask the Court to rethink what the Court has already

thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal

quotation marks omitted).  It is well established that "additional facts and arguments that should

have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249–50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Plaintiff asks the Court to consider his motion under Rule 59, or if applicable, Rule 60. (Doc. no. 12, p. 1.) To determine which Rule to use, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Plaintiff filed his motion twelve-days after the Court's Order; thus, the Court will analyze his motion under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at

*2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument

or present evidence that could have been raised prior to the entry of judgment." Arthur v. King,

500 F.3d 1335, 1343 (11th Cir. 2007) (citation and alterations omitted).

Plaintiff argues the Court erred in denying his motion because he complied with "the Rules

governing entry of default, entry of default judgment, the entry of judgments, and all other relevant

procedural laws allowing them to be filed." (Doc. no. 12, p. 2.) For the reasons explained by the

Court in its Order, Plaintiff is not entitled to default judgment, and Plaintiff cites no change in the

law, availability of new evidence, clear error, or manifest injustice that would justify

reconsideration.

## II.   ADOPTION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which objections have been filed, (doc. no. 16).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as

its opinion, **DISMISSES** Plaintiff's complaint, and **CLOSES** this civil action.

SO ORDERED this _____8th_____ day of June, 2023, at Augusta, Georgia.


J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3